# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR125 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JOSE ROSARIO LOPEZ-SANTIAGO, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Defendant Jose Rosario Lopez-Santiago. (Filing No. 139.) Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process as follows:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Pursuant to Rule 4(b), the Court has conducted an initial review of the motion. For the reasons stated below, it appears plainly from the face of the motion and the record that Defendant is not entitled to relief with regard to Grounds I and II, and the motion will be summarily dismissed as to these claims. The Court will order the government to file an Answer to Ground III.

## BACKGROUND

On October 24, 2011, Defendant entered a plea of guilty before Magistrate Judge Thomas D. Thalken to Count I of the Indictment, which charged Defendant with a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. (Filing No. 76.) An interpreter was present at the change of plea hearing. Defendant was placed under oath, and thereafter stated the following: he was satisfied with the representation of his attorney, Timothy Mikulicz; no one made any threat or promise outside of the written plea agreement to get him to plead guilty; he voluntarily was pleading guilty to Count I of the Indictment; he understood he was waiving his right to appeal the conviction and sentence, as well as certain post-conviction rights; he understood his conviction could affect his immigration status; he understood the statutory penalties, including that on Count I he was subject to a ten-year (120-month) mandatory minimum sentence and the maximum term of imprisonment was life; and he understood that he could receive a sentence different than what he or his attorney believed might be imposed. (Filing No. 94.) Defendant also signed a written plea agreement that stated the following: Defendant agrees to plead guilty to Count I of the Indictment; Defendant is exposed to imprisonment of a maximum of life and a mandatory minimum of ten years; in exchange for Defendant's plea of guilty, the government agrees to move to dismiss Count II of the Indictment; and the plea agreement embodies the entire agreement between the parties. (Filing No. 81.) Additionally, Defendant agreed not to make any motion requesting a downward departure or reduction based on § 4A1.3 of the United States Sentencing Guidelines or 18 U.S.C. § 3553. (*Id.*) Moreover, Defendant agreed to waive his right to contest the conviction and sentence in any post-conviction proceeding,

including those pursuant to 28 U.S.C. § 2255, except to challenge the conviction and sentence should the Eighth Circuit Court of Appeals find that the charge to which he pled guilty fails to state a crime, or to seek post-conviction relief based on ineffective assistance of counsel or prosecutorial misconduct. (*Id.*)

On November 30, 2011, the Court adopted Judge Thalken's recommendation to accept the plea and find Defendant guilty, accepted Defendant's plea, and found Defendant guilty. (Filing No. 98.) A presentence report was prepared that noted that the relevant statutory sentencing provision for Count I mandated a ten-year minimum sentence and a maximum of life, and calculated Defendant's total offense level to be 31, criminal history category to be I, and guideline sentencing range to be 120 to 135 months. (Filing No. 116.) Defendant did not file an objection to the presentence report. On January 23, 2012, Defendant was sentenced to a 120-month term of imprisonment and a five-year term of supervised release. (Filing No. 113.) An interpreter was present at the sentencing hearing. Judgment was entered on January 23, 2012. (Filing No. 114.) Defendant did not file an appeal with the Eighth Circuit Court of Appeals.

Defendant filed the instant § 2255 motion on January 25, 2013. He raises three grounds for relief.[1] In Ground I, Defendant asserts that his counsel was ineffective for "not advising [Defendant] of the true nature and all the consequences" of entering a plea of guilty; in Ground II, Defendant asserts that his counsel was ineffective for "not advising [Defendant] of the statutory minimum" in this case, and that he was told "he would receive

---

[1] For clarity and to reduce redundancy, the numbering of claims herein differs somewhat from Defendant's numbering of his claims. The claims may be referred to by the parties as they are numbered in this Memorandum and Order.

3

a sentence of 87 months" imprisonment; and in Ground III, Defendant asserts that his counsel was ineffective for "not filing a direct appeal." (Filing No. 139 at 3-5.)

## DISCUSSION

Defendant asserts claims of ineffective assistance of counsel. In order to establish a claim of ineffective assistance of counsel, Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*.

It is the law of this circuit that "a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences." *United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999) (citing *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994)). Furthermore, reliance on an attorney's mistaken impression about the length of sentence "is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence." *Id.* (citing *Roberson v. United States*, 901 F.2d 1475, 1478 (8th Cir. 1990)).

With regard to filing a direct appeal, an attorney "who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Parsons v. United States*, 505 F.3d 797, 798 (8th Cir. 2007). Furthermore, if a defendant did not clearly request or instruct his attorney to file a notice of appeal, the Court must "determine whether counsel consulted with the defendant about an appeal and,

4

if not, whether the failure to consult was unreasonable." *Id.* The relief in such a case is a belated appeal, and a "defendant is entitled to a new appeal without showing that his appeal would likely have had merit." *Id.*

**Grounds I and II**

Defendant, in Ground I, generally states that his counsel failed to advise him of the true nature and consequences of entering a plea of guilty; however, Defendant does not further elaborate about counsel's specific failures. Defendant, in Ground II, argues that he was not advised regarding the statutory minimum sentence, and that he was told he would receive a sentence of 87 months.

In this case, the transcript of the change of plea hearing demonstrates that Defendant was adequately advised by his attorney and the Court about the consequences of pleading guilty. In particular, Defendant stated under oath that he understood the penalties he faced and that he might receive a sentence that was different than what he or his attorney anticipated. Defendant's own sworn statements, and the record generally, do not support his claim that his attorney promised him that he would receive a specific sentence in exchange for his guilty plea. Rather, the record shows that Defendant understood he faced a minimum of 120 months and a maximum of life imprisonment, and that he had no guarantee with respect to his sentence. Therefore, Defendant cannot satisfy either prong of the *Strickland* test with respect to these claims, and they will be summarily dismissed.

**Ground III**

In Ground III, Defendant argues that his attorney was ineffective for not filing a direct appeal. This claim is generally stated, and it is not clear whether Defendant claims that

he consulted with his attorney and told his attorney to file an appeal, or whether Defendant's counsel failed to consult with Defendant and such a failure was unreasonable. Nevertheless, the record includes no information indicating whether an appeal was discussed between Defendant and his attorney. Therefore, the government will be required to answer this claim.

## CONCLUSION

For the reasons discussed above, the Court finds that Defendant cannot prove either prong of the *Strickland* test with respect to Grounds I and II. Accordingly, it plainly appears from the record that Defendant is not entitled to relief, and therefore his motion will be summarily dismissed with respect to those claims.

The United States will be ordered to respond to Ground III by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether Defendant's claims are barred by procedural default, waiver, or untimeliness.

Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of Defendant Jose Rosario Lopez-Santiago's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 139);

2. Upon initial review, Grounds I and II are summarily dismissed; the Court finds summary dismissal of Ground III is not required;

3. On or before March 4, 2013, the government shall file an Answer to Ground III of Defendant's § 2255 motion and support its Answer with a brief;

4. On or before April 8, 2013, Defendant may thereafter file a response; and

5. The Clerk shall mail a copy of this Memorandum and Order to Defendant at his most recent address.

DATED this 30th day of January, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge