# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR125 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JOSE ROSARIO LOPEZ-SANTIAGO, | ) | |
| Defendant. | ) | |

This matter is before the Court on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Defendant Jose Rosario Lopez-Santiago. (Filing No. 139.) In its Order on initial review (Filing No. 140), the Court dismissed Grounds I and II and required the government to answer Ground III, in which the Defendant suggests his counsel was ineffective for not filing a notice of appeal. The government has submitted its Answer (Filing No. 141), Brief (Filing No. 142), and the affidavit of Defendant's lawyer Timothy D. Mikulicz (Filing No. 143-1). Mikulicz asserts that he advised the Defendant of his right of appeal; discussed the waiver of the right of appeal in the plea agreement; discussed the potential consequences of violating the plea agreement; discussed the futility of appeal in the event the mandatory minimum sentence was imposed; and Mikulicz states that Defendant never asked Mikulicz to file any appeal. The Defendant has not responded to the government's brief and evidence, and his time to respond has expired. The Defendant has not asserted that he asked Mikulicz to file an appeal, only that the Defendant considered Mikulicz's failure to file an appeal to be ineffective assistance.

**FACTUAL BACKGROUND**

On October 24, 2011, Defendant entered a plea of guilty before Magistrate Judge Thomas D. Thalken to Count I of the Indictment, which charged Defendant with a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. (Filing No. 76.) An interpreter was present at the change of plea hearing. Defendant was placed under oath, and thereafter stated the following: he was satisfied with the representation of his attorney, Timothy Mikulicz; no one made any threat or promise outside of the written plea agreement to get him to plead guilty; he voluntarily was pleading guilty to Count I of the Indictment; he understood he was waiving his right to appeal the conviction and sentence, as well as certain post-conviction rights; he understood his conviction could affect his immigration status; he understood the statutory penalties, including that on Count I he was subject to a ten-year (120-month) mandatory minimum sentence and the maximum term of imprisonment was life; and he understood that he could receive a sentence different than what he or his attorney believed might be imposed. (Filing No. 94.) Defendant also signed a written plea agreement that stated the following: Defendant agrees to plead guilty to Count I of the Indictment; Defendant is exposed to imprisonment of a maximum of life and a mandatory minimum of ten years; in exchange for Defendant's plea of guilty, the government agrees to move to dismiss Count II of the Indictment; and the plea agreement embodies the entire agreement between the parties. (Filing No. 81.) Additionally, Defendant agreed not to make any motion requesting a downward departure or reduction based on § 4A1.3 of the United States Sentencing Guidelines or 18 U.S.C. § 3553. (*Id.*) Moreover, Defendant agreed to waive his right to contest the conviction and sentence in any post-conviction proceeding, including those

2

pursuant to 28 U.S.C. § 2255, except to challenge the conviction and sentence should the Eighth Circuit Court of Appeals find that the charge to which he pled guilty fails to state a crime, or to seek post-conviction relief based on ineffective assistance of counsel or prosecutorial misconduct. (*Id.*)

On November 30, 2011, the Court adopted Judge Thalken's recommendation to accept the plea and find Defendant guilty, accepted Defendant's plea, and found Defendant guilty. (Filing No. 98.) A presentence report was prepared that noted that the relevant statutory sentencing provision for Count I mandated a ten-year minimum sentence and a maximum of life, and calculated Defendant's total offense level to be 31, criminal history category to be I, and guideline sentencing range to be 120 to 135 months. (Filing No. 116.) Defendant did not file an objection to the presentence report. On January 23, 2012, Defendant was sentenced to a 120-month term of imprisonment and a five-year term of supervised release. (Filing No. 113.) An interpreter was present at the sentencing hearing. Judgment was entered on January 23, 2012. (Filing No. 114.) Defendant did not file an appeal with the Eighth Circuit Court of Appeals.

Defendant filed the instant § 2255 motion on January 25, 2013, raising three grounds for relief. In Ground I, Defendant asserted that his counsel was ineffective for "not advising [Defendant] of the true nature and all the consequences" of entering a plea of guilty; in Ground II, Defendant asserted that his counsel was ineffective for "not advising [Defendant] of the statutory minimum" in this case, and that he was told "he would receive a sentence of 87 months" imprisonment; and in Ground III, Defendant asserted that his counsel was ineffective for "not filing a direct appeal." (Filing No. 139 at 3-5.) As noted above, the Court

3

dismissed Grounds I and II on initial review, and required the government to respond to Ground III.

## DISCUSSION

In order to establish ineffective assistance of counsel, Lopez-Santiago must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

A § 2255 motion may be denied without an evidentiary hearing when the record "conclusively" shows that the movant is not entitled to relief. *Noe v. United States,* 601 F.3d 784 (8th Cir. 2010). The Defendant's broad suggestion that his attorney failed to file a notice of appeal, amounting to ineffective assistance of counsel, is refuted by the other evidence and the record, including Defendant's own sworn testimony waiving his right of appeal.

## CONCLUSION

Lopez-Santiago has proved neither *Strickland* prong. Because the record conclusively shows that Lopez-Santiago is not entitled to relief, Ground III of his motion is denied without an evidentiary hearing.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 139) is denied in its entirety;

2. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address; and

3. A separate Judgment will be filed.

DATED this 11th day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

.